*Compiler of law*

**IN THE SUPERIOR COURT OF GUAM**

STANDARD INSURANCE COMPANY, )
)
Plaintiff, )
)
vs. )
)
ANTHONY D. QUENGA, MARIA A.T. )
WILLIAMS, MARGARET C.G. QUENGA, )
and CARDASIAN WILLIAMS, )
)
Defendants. )
)
_____ )
)
ANTHONY D. QUENGA, )
)
Counterclaim Plaintiff, )
)
vs. )
)
STANDARD INSURANCE COMPANY, )
)
Counterclaim Defendant. )
)
_____ )

**CIVIL CASE NO. CV0047-13**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Plaintiff's motion to dismiss, filed March 13, 2013. Oral arguments were heard on July 1, 2013. Attorney Kevin J. Fowler represented Plaintiff and Attorney Gary W.F. Gumataotao appeared on behalf of Defendant Anthony D. Quenga. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On January 31, 2013, Plaintiff Standard Insurance Company filed a complaint for interpleader pursuant to 7 GCA § 12114. Plaintiff alleges that the four (4) Defendants were equal beneficiaries under a life insurance policy until Defendant Anthony D. Quenga became the sole beneficiary one month before the policyholder's death. (Complaint, 2, Jan. 31, 2013.) A petition to appoint a guardian of the policyholder was filed before her death, and Plaintiff

could not determine if the policyholder was competent when she changed the beneficiaries on her life insurance policy. *Id.* at 2-3. On this basis, Plaintiff distributed one quarter (1/4) of the policy benefits to Defendant Anthony D. Quenga and filed the present interpleader to deposit the remaining three quarters (3/4) of the property with the court so that Defendants may litigate their several claims to the property among themselves. *Id.* at 2-5.

On February 21, 2013, Defendant Anthony D. Quenga filed an answer and counterclaim which alleges the same material facts of the complaint. (Answer and Counterclaim, 1-4, Feb. 21, 2013.) The counterclaim asserts that Plaintiff breached a contract, breached a duty to promptly pay, and acted with oppression and bad faith when it failed to pay the full claim or explain its actions. *Id.* at 4-5.

On March 13, 2013, Plaintiff filed a motion to dismiss the counterclaim for the failure to state a claim for relief pursuant to Guam R. Civ. P. 12(b)(6). Defendant Anthony D. Quenga argues that his counterclaim is sufficient because it alleges facts that Plaintiff has refused to explain or pay the claim in bad faith.

## DISCUSSION

Under Guam R. Civ. P. 12(b)(6), a claim may be dismissed where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Core Tech Intn'l Corp. v. Hanil Engineering & Const. Co., Ltd.*, 2010 Guam 13 ¶ 52 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order to dismiss a claim pursuant to Rule 12(b)(6), a court must review the pleading in the light most favorable to the non-movant, accept its material allegations of fact as true, and resolve any doubts in favor of the non-movant. *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9.

In this case, viewing the counterclaim in the light most favorable to Defendant Anthony D. Quenga and accepting its material allegations as true, Plaintiff has failed to pay out on the policy, or explain its position on the policy, despite that Plaintiff generally pays claims within fifteen (15) days. (Answer and Counterclaim, 4, Feb. 21, 2013.) On this basis, the counterclaim alleges that Plaintiff breached a contract, breached a duty to pay, and acted with oppression and bad faith.

A complaint that is attacked under Guam R. Civ. P. 12(b)(6) "need not contain detailed factual allegations, [but] a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Core Tech*, 2010 Guam 13 at ¶ 52 (quoting *Twombly*, 550 U.S. at 555). Guam R. Civ. P. 12(b)(6) was adopted from Fed. R. Civ. P. 12(b)(6) and a federal court's interpretation of the analogous federal rule is persuasive authority. Guam R. Civ. P. 12(b)(6). *See also Sananap v. Cyfred, Ltd.*, 2011 Guam 21 ¶ 24 n. 13; *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12. The U.S. Supreme Court holds the following regarding how substantive a pleading must be to survive a Civil Procedure Rule 12(b)(6) motion:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'...The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully...But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) (citations omitted).

Pursuant to Guam R. Civ. P. 8(a), a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The U.S. Supreme Court expounds:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement. ...a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citations omitted).

The Court goes on to explain that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice...Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.*,

556 U.S. 662, 129 S.Ct. at 1949-50 (citations omitted).

In this case, the counterclaims of breach and bad faith are supported by the following facts: 1) Plaintiff did not pay the full amount of Defendant Anthony D. Quenga's claim; 2) Plaintiff has not denied this claim or explained the delay in payment; and 3) Plaintiff generally pays claims within fifteen (15) days. These facts, when taken as true, do not address how the filing of a complaint for interpleader pursuant to 7 GCA § 12114 constitutes breach or bad faith in delay.

Under Guam law,

> [W]henever conflicting claims are or may be made upon a person for or relating to personal property, or the performance of an obligation, or any portion thereof, such person may bring an action against the conflicting claimants to compel them to interplead and litigate their several claims among themselves. The order of substitution may be made and the action of interpleader may be maintained, and the applicant or plaintiff be discharged from liability to all or any of the conflicting claimants, although their titles or claims have not a common origin, or are not identical, but are adverse to and independent of one another.

7 GCA § 12114 (2013).

In this case, the very nature of the pleadings is sufficient to explain that the delay in full payment to Defendant Anthony D. Quenga is caused by Plaintiff's belief in conflicting claims to the property. Without any further factual allegation, the counterclaim pleading concludes that breach and bad faith have occurred. The counterclaims do not even recite the elements for a cause of action in breach or bad faith. Absent a well-pled fact of breach or bad faith, the counterclaims fail to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). For these reasons, the counterclaims are not plausible on their face and the pleading shall be dismissed.[1]

///

///

---

[1] Defendant Anthony D. Quenga further opposes dismissal on the grounds that amendment should be granted. This argument lacks merit because no amended pleading has been presented for the Court to review. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

## CONCLUSION

Based upon the foregoing, Plaintiff's motion to dismiss is hereby GRANTED and Defendant Anthony D. Quenga's counterclaim is hereby DISMISSED.

**SO ORDERED** this _12TH_ day of August, 2013.

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full, true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

AUG 1 2013

Roman F.P. Quinata
Deputy Clerk, Superior Court of Guam